# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KIMBERLY THOMAS-BLAKE,**
**Claimant Below, Petitioner**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0545** (BOR Appeal No. 2052402)
            (Claim No. 2015021433)

**WV DEPARTMENT OF HEALTH & HUMAN SERVICES,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Kimberly Thomas-Blake, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. WV Department of Health & Human Services, by Lisa Warner Hunter, its attorney, filed a timely response.

The issue on appeal is an additional compensable condition. The claims administrator denied a request to add the left knee to the claim on May 1, 2017. On June 30, 2017, it denied a request to add left knee meniscus tear to the claim. The Office of Judges affirmed the decisions in its December 20, 2017, Order. The Order was affirmed by the Board of Review on May 25, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Thomas-Blake, a child protective service worker, injured her left ankle when she slipped and fell at her place of employment on January 27, 2015. The Employees' and Physician's Report of Injury, completed that same day, indicates Ms. Thomas-Blake fell while exiting her place of employment. She was treated at Charleston Area Medical Center and diagnosed with an ankle fracture and pain in the ankle/foot joint. A treatment note from Charleston Area Medical Center indicates an ankle x-ray showed mild degenerative changes of the medial compartment and minimal patellofemoral degenerative joint disease. There was no evidence of fracture or dislocation. Ms. Thomas-Blake was diagnosed with oblique fibular fracture and referred to Aaron Sop, D.O., an orthopedist. Dr. Sop completed a second Report of Injury on February 2, 2015, in

1

which Ms. Thomas-Blake stated that she slipped on ice while exiting her workplace. Dr. Sop completed the physician's section and diagnosed left fibula fracture.

In a May 18, 2015, independent medical evaluation, Paul Bachwitt, M.D., noted that Ms. Thomas-Blake reported injuring her left hip, knee, and ankle/foot when she fell at work. He diagnosed left hip sprain/strain, left knee sprain/strain, and left distal fibula fracture. Ms. Thomas-Blake had not reached maximum medical improvement and would not reach it until after four more weeks of physical therapy. In a June 10, 2015, addendum to his report, Dr. Bachwitt stated that Ms. Thomas-Blake had reached maximum medical improvement. He found no ratable impairment since the left hip and left knee ranges of motion were normal. The left fibular fracture healed in good position and there was no residual impairment.

Ms. Thomas-Blake sustained a second injury on July 8, 2015. In an Employee's and Physician's Report of Injury, she indicated that she was walking to a printer at work when she tripped over a box and injured her left knee and ankle. C. Mendoza, M.D., completed the physician's section and diagnosed left knee and ankle sprain. A treatment note from Braxton County Memorial Hospital that same day indicates Ms. Thomas-Blake underwent left knee and ankle x-rays which showed mild degenerative changes of the knee and a healed left ankle fracture. The claim was held compensable for left ankle sprain.

An August 24, 2015, treatment note by Joseph Snead, M.D., indicates he diagnosed a left ankle sprain and recommended an MRI to rule out tendon damage. On September 10, 2015, Dr. Snead noted that the MRI showed no tendon or ligament damage but did show a possible nonunion of the fibula fracture. On October 6, 2015, he noted that a CT scan showed that the fracture was healed. He diagnosed left ankle sprain.

In an independent medical evaluation dated November 19, 2015, David Soulsby, M.D., noted that Ms. Thomas-Blake reported that she fell down six steps and injured her left leg, knee, and shoulder. Dr. Soulsby diagnosed left ankle sprain, osteoarthritis of the left knee, and bursitis of the left shoulder. He found that she had not reached maximum medical improvement and recommended an evaluation by Nick Zervos, M.D., to determine if ligament reconstruction would be necessary. If it was not, she would be at maximum medical improvement.

A March 16, 2016, treatment note by Dr. Snead indicates Ms. Thomas-Blake was seen for left shoulder problems. She reported that the pain had persisted for two years with acute onset. Dr. Snead diagnosed rotator cuff tendonitis and rotator cuff sprain. He noted that x-rays of the shoulder were normal. On March 22, 2016, Dr. Zervos saw Ms. Thomas-Blake and diagnosed sinus tarsi syndrome. He recommended an over the counter orthotic and an injection. On April 8, 2016, Ms. Thomas-Blake stated that she had no pain relief from the injection. A left knee x-ray showed mild degenerative changes on May 16, 2016.

In a June 21, 2016, independent medical evaluation, Dr. Soulsby diagnosed left ankle sprain with sinus tarsi syndrome. He opined that the condition was related to the January 27, 2015, and July 8, 2015, injuries. Ms. Thomas-Blake had reached maximum medical improvement and he assessed 1% impairment.

In a June 29, 2016, treatment note, Dr. Snead noted that Ms. Thomas-Blake was seen for right knee pain. She stated that she had pain in her knee for two years that gradually worsened. She stated that she could not recall an injury but that she may have injured her left knee when she broke her ankle. Dr. Snead diagnosed degenerative joint disease of the knee. On June 30, 2016, he requested left knee injections. On August 2, 2016, he again requested left knee injections. Dr. Snead requested the addition of left knee meniscal tear to the claim on April 21, 2017. The claims administrator denied a request to add Ms. Thomas-Blake's left knee to the claim on May 1, 2017. It stated that Dr. Snead failed to identify which knee he was requesting be added to the claim. The claims administrator denied a request to add left knee meniscus tear to the claim on June 30, 2017.

Ms. Thomas-Blake testified in a deposition on September 12, 2017, that when she fell on July 8, 2015, she rolled her ankle and landed on her left knee. She did not know if that fall damaged her knee. She had problems with her left leg in general since her January 27, 2015, injury. She underwent surgery for a torn meniscus in the 1990s and a total right knee replacement in 2009.

The Office of Judges affirmed the claims administrator's decisions denying the addition of left knee meniscus tear to the claim on December 20, 2017. It found that Ms. Thomas-Blake sustained an injury on January 27, 2015, when she fell down some stairs and broke her ankle. During that time, a left knee x-ray showed degenerative changes. On May 18, 2015, Dr. Bachwitt performed an independent medical evaluation in which he diagnosed a left knee sprain/strain and found that Ms. Thomas-Blake had reached maximum medical improvement. Ms. Thomas-Blake sustained a second injury on July 8, 2015, when she tripped over a box. She was seen by Dr. Snead on August 24, 2015, and the Office of Judges determined that the left knee was not a prominent part of the treatment notes from that time until November 19, 2015, when she underwent an independent medical evaluation with Dr. Soulsby. Ms. Thomas-Blake underwent left knee x-rays on May 16, 2016, that showed nothing more than mild degenerative changes. The Office of Judges determined that absent an MRI showing a meniscal tear, the condition should not be included in the claim. The left knee was not a major consideration in Ms. Thomas-Blake's treatment for her January 27, 2015, injury. Dr. Bachwitt found that she had reached maximum medical improvement and Dr. Soulsby agreed. The Office of Judges determined that Ms. Thomas-Blake did not even seem sure in her testimony of when she injured her left knee. It therefore concluded that the condition was not the result of the compensable January 27, 2015, injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 25, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. There is no objective evidence of record that Ms. Thomas-Blake even has a meniscal tear in her left knee. Even if she does have a left knee meniscal tear, a preponderance of the evidence fails to show that it resulted from the compensable January 27, 2015, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

3

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison